IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELODY L. BROOKS

   Plaintiff

   v.     Civil Case No. CCB-01-4003

DEPARTMENT OF STATE POLICE

   Defendant

MEMORANDUM OF LAW
IN SUPPORT OF
DEFENDANT'S OPPOSITION TO MOTION TO AMEND

Defendant Department of State Police, by its attorneys, J. Joseph Curran, Jr., Attorney General of Maryland, and H. Scott Curtis, Assistant Attorney General, pursuant to Fed.R.Civ.P. 15 and Civ. Rule 105, submits the following Memorandum of Law in support of Defendant's opposition to Plaintiff's motion to amend.

ARGUMENT

I.

Plaintiff's *pro forma* motion to amend the original complaint lacks any basis upon which the Court can determine whether "justice so requires" that leave to amend be given. *See* Fed.R.Civ.P. 15(a). Further, Plaintiff's *pro forma* motion to amend the

original complaint lacks any basis upon which the Court can permit Plaintiff to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.  *See* Fed.R.Civ.P. 15(d).  The Court may grant such a motion "upon reasonable notice and upon such terms as are just."  *Id.*  Plaintiff's *pro forma* motion to amend the original complaint, which introduces transactions or occurrences or events which have happened since the date of the original pleading, lacks any basis upon which the Court can set such terms as are just.

Here, Plaintiff has added paragraphs 27 to 43, detailing transactions or occurrences or events which have happened since the date of the original pleading – January 21, 2001. *See* <u>Amended Complaint</u>, ¶ 26.  Such events do not relate the remaining counts: gender discrimination, race discrimination and a violation of the Americans with Disabilities Act ("ADA").  Plaintiff proffers no reason why the amendment is necessary, how it relates to her previous claims, why justice requires the amendment or upon what "just terms" such an amendment or supplementation should be permitted.  Therefore, Plaintiff's motion should be denied.

## II.

Plaintiff seeks, in this motion and in her motion to reopen the case, to retro-actively amend the complaint and reopen the case to November 1, 2004.  Local Rule 103(6)(a) provides that "[t]he amended pleading shall be deemed to have been served, for the purposes of determining the time for response under Fed.R.Civ.P. 15(a)*, on the date*

*that the Court grants leave for its filing."* (Emphasis added.). Therefore, should the Court grant Plaintiff's motion, it should *not* do so retroactively to November 1, 2004.

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests that this Honorable Court deny Plaintiff's motion to amend.

Respectfully submitted,

J. Joseph Curran, Jr.
Attorney General of Maryland

and

/S/
H. Scott Curtis
Assistant Attorney General
Federal Bar No. 08313
Department of State Police
1201 Reisterstown Road
Pikesville, Maryland 21208
(410) 653-4437

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date and time of the notice of electronic filing, a copy of the foregoing was electronically transmitted to

Michael Marshall, Esquire
Schlachman, Belsky & Weiner, P.A.
10th Floor
20 South Charles Street
Baltimore, Maryland 21201
Attorney for Plaintiff

/S/
H. Scott Curtis

Assistant Attorney General
Department of State Police