IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Melody L. Brooks | * |
|     Plaintiff | * |
| v. | * |
| | * |
| Maryland State Police | *   Civil Case No.:CCB-01-4003 |
|     Defendant | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION TO AMEND

The Plaintiff, Melody L. Brooks, by her attorneys, Michael Marshall, and Schlachman, Belsky & Weiner, P.A., files this Response to Defendant's Opposition to Motion to Amend.

The only apparent authority cited by the Defendant in its opposing the Motion to Amend is Local Rule 103 (6)(a), which provides that an amended pleading shall be deemed to have been served, for the purpose of determining the time for response under Rule15 (a), on the date that the Court grants leave for its filing. Not only does this Rule provide no basis whatsoever for why the Motion to Amend should not be granted, but it relates to when a pleading is deemed to have been served, not when it is deemed to have been filed. In fact, the very existence of this Rule implies that an amendment will in deed be deemed to have been filed at an earlier date, otherwise Local Rule 103(6)(a) would be meaningless. For example, if a motion to amend were filed on September first and that motion were granted on October first, the only need for Local Rule 103 (6)(a) would be to establish that the motion is not deemed to have been *served* as of September first. Local Rule 103(6)(a) would have no meaning if the amendment were deemed to have been filed on the date the

motion was granted; rather, it is in recognition of the fact that the amendment would be deemed to have been *filed* on September first, and therefore an answer would be untimely by the time the motion was granted, but for the provision of Local Rule 103(6)(a).

Beyond that, it is unclear what the basis for the objection is. While continually referring to the Motion to Amend as a "*pro forma*" motion,[1] the Defendant acknowledges that FRCP15(b) provides for amendment where transactions or occurrences or events have happened since the date of the original pleading. That is exactly what has happened in this case, with there being allegations of further discrimination and a further review by EEOC. It is exactly such a situation that is envisioned by FRCP 15(b).

The Defendant continues with the statement "Plaintiff's *pro forma* Motion to Amend the Original Complaint, which introduces transactions or occurrences or events which have happened since the date of the original pleading, lacks any basis upon which the Court can set such terms as our just." Having read and reread this sentence numerous times, the Plaintiff is unable to ascertain its intended meaning.

WHEREFORE, the Plaintiff requests that the Motion to Amend be granted, and the Amendment be deemed to have been filed on the date the Motion was filed.

---

[1] The Defendant never explains what is meant by a "pro forma" motion or what the import of this continued reference is.

        /s/
Michael Marshall
Schlachman, Belsky & Weiner, P.A.
20 S. Charles Street, Tenth Floor
Baltimore, MD 21201
(410) 685-2022
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY, certify that on this 30th day of December, 2004, a copy of Plaintiff's Response to Defendant's Opposition to Motion to Amend was mailed postage prepaid to:

H. Scott Curtis, Esquire
Department of Maryland State Police
1201 Reisterstown Road
Pikesville, MD 21208

        /s/
Michael Marshall