**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MELODY L. BROOKS** | ✦ |
| **Plaintiff** | ✦ |
| | ✦ |
| v. | ✦   Civil Case No. CCB-01-4003 |
| **DEPARTMENT OF STATE POLICE** | ✦ |
| **Defendant** | ✦ |

✦ ✦ ✦ ✦ ✦ ✦ ✦ ✦

**ANSWER TO AMENDED COMPLAINT PRESENTING DEFENSES**

Defendant Department of State Police, by its attorneys J. Joseph Curran, Jr., Attorney General, and H. Scott Curtis, Assistant Attorney General, pursuant to Fed.R.Civ.P. 8 and 12, answers the Amended Complaint (Document 19) and presents defenses as follows:

**I.   ANSWER**

Defendant answers the averments in the Amended Complaint as follows:

1.   Defendant admits the averment in ¶ 1.

2.   Defendant admits the averment in ¶ 2.

3.   Defendant admits the averment in ¶ 3.

4.   Defendant admits the averment in ¶ 4 that Plaintiff filed a charge on July 25, 2001. Defendant denies the averment that it was filed timely.

5. Defendant admits the averment in ¶ 5.

6. Defendant admits the averment in ¶ 6 that Plaintiff filed a charge on July 1, 2004. Defendant denies the averment that it was filed timely.

7. Defendant admits the averment in ¶ 7.

8. Defendant admits the averment in ¶ 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in ¶ 9.

10. Defendant admits the averment in ¶ 10.

11. Defendant admits the averment in ¶ 11.

12. Defendant admits the averment in ¶ 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in ¶ 13.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in ¶ 14.

15. Defendant admits the averment in ¶ 15.

16. Defendant admits the averment in ¶ 16.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in ¶ 17.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in ¶ 18.

19. Defendant denies the averment in ¶ 19 that Plaintiff was denied "the same accommodation" given to PCO Fister. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averment in ¶ 19.

20. Defendant denies the averment in ¶ 20 that Mr. Hicks was given "a permanent schedule due to his responsibilities." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averment in ¶ 20.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in ¶ 21.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in ¶ 22.

23. Defendant admits the averment in ¶ 23 only insofar as PEP was instituted in the State of Maryland and first applied to Plaintiff beginning August 10, 1997.

24. Defendant admits the averment in ¶ 24.

25. Defendant admits the averment in ¶ 25 only insofar as Plaintiff filed a complaint on July 25, 2001. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averment.

26. Defendant denies the averment in ¶ 26.

27. Defendant admits the averment in ¶ 27.

28. Defendant denies the averment in ¶ 28.

29. Defendant admits the averment in ¶ 29 only insofar as Sgt. Hamm is correctly quoted. Defendant denies the remaining averment in ¶ 29.

30. Defendant admits the authenticity of Exhibit O referenced in ¶ 30. Defendant denies the remaining averment in ¶ 30.

31. Defendant admits the authenticity of Exhibit P referenced in ¶ 31. Defendant denies the remaining averment in ¶ 31.

32. Defendant admits the averment in ¶ 32.

33. Defendant admits the authenticity of Exhibit Q referenced in ¶ 33. Defendant denies the remaining averment in ¶ 33.

34. Defendant admits the averment in ¶ 34.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in ¶ 35.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in ¶ 36.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in ¶ 37.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in ¶ 38.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in ¶ 39.

40. Defendant admits the authenticity of Exhibit R referenced in ¶ 40. Defendant denies the remaining averment in ¶ 40.

41. Defendant admits the authenticity of Exhibit S referenced in ¶ 41. Defendant denies the remaining averment in ¶ 41.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in ¶ 42.

43. Defendant admits the authenticity of Exhibit T referenced in ¶ 43. Defendant denies the remaining averment in ¶ 43.

44. Defendant denies the averment in ¶ 44.

45. Defendant denies the averment in ¶ 45.

46. Defendant denies the averment in ¶ 46.

47. Defendant denies the averment in ¶ 47.

48. Defendant denies the averment in ¶ 48.

49. Defendant denies the averment in ¶ 49.

50. Defendant denies the averment in ¶ 50.

## II. DEFENSES

Defendant asserts the following defenses to the claims in the Amended Complaint:

1. The Court lacks jurisdiction over the subject matter.

2. The Amended Complaint fails to state claims upon which relief can be granted.

3. The claims are barred by applicable statutes of limitations.

4. Plaintiff failed to exhaust all required administrative remedies.

5. The claims are barred by sovereign immunity.

6. The claims are barred by governmental immunity.

7. The Defendant is not vicariously liable for the actions of its employees where, as an employer, it implemented timely and adequate corrective measures after the harassing conduct came to its attention.

**WHEREFORE**, Defendant respectfully requests that this Court dismiss the Amended Complaint with prejudice, and enter judgment in favor of Defendant.

          Respectfully submitted,

          J. Joseph Curran, Jr.
          Attorney General of Maryland

          and

          /S/
          H. Scott Curtis
          Assistant Attorney General
          Federal Bar No. 08313
          Department of State Police
          1201 Reisterstown Road
          Pikesville, Maryland 21208
          (410) 653-4437

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on the date and at the time indicated in the Notice of Electronic Filing under the provisions of the current local rules, a copy of the foregoing was forwarded electronically to:

Michael Marshall, Esquire
Schlachman, Belsky & Weiner, P.A.
10th Floor
20 South Charles Street
Baltimore, Maryland 21201

Attorney for Plaintiff

          /S/
          H. Scott Curtis
          Assistant Attorney General
          Department of State Police